**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 20-MJ-06469-HUNT**

**UNITED STATES OF AMERICA,**

**vs.**

**DANIEL MARKOVICH et al.,**

**Defendant.**

_____**/**

### OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

The United States of America opposes Daniel MARKOVICH's Motion to Compel Names of Government Witnesses and Individuals Named in Criminal Complaint.   [D.E. 43]. MARKOVICH first requests this Court to require the Government to provide the names of the confidential witnesses and individuals anonymously referred to in the affidavit in support of the criminal complaint.  MARKOVICH is not entitled to this information at this stage of the case: i.e., before a preliminary hearing has been held determining whether probable cause exists to proceed against him.  Indeed, MARKOVICH provides no legal support at all that he is entitled to the names of confidential witnesses identified in the complaint affidavit before a preliminary hearing, because he cannot.  Thus, MARKOVICH's Motion in this respect should be denied.

MARKOVICH also asks for the Government to supplement its no-contact letter with a more specific list of individuals whom he should not contact except through counsel/investigators. Other than reference to the Bail Reform Act, he provides no legal support for this request either. This request is, at best, premature.  The Government has provided additional information on employees since MARKOVICH filed his Motion, and has explained (in its Motion for a Protective

1

Order [D.E. 33]) the need to first provide patients with an opportunity to object to the Title 42 Order before producing their confidential information (including their names) to all defendants.

But more importantly, MARKOVICH has no need for a lengthy list of every employee and patient at Compass Detox/WAR.  As a CEO at one of the subject facilities, MARKOVICH already knows the identities of the individuals whom he should avoid directly contacting.  And while there are numerous such patients and employees, the no-contact list could not be meaningfully narrowed at this early stage.  Patients, by virtue of potential insurance co-pays, are all potential victims, and the patients along with all current/former employees could be fact witnesses.  This bond condition is not difficult to comply with, nor is it unreasonable; similarly, the Government's description of whom he should avoid contacting directly is simple, clear, and easy to follow.  MARKOVICH's Motion in this regard is form over substance, and should be denied.

## FACTUAL BACKGROUND

MARKOVICH was charged by criminal complaint on September 25, 2020 [D.E. 1], and had his initial appearance on September 30, 2020.  MARKOVICH was charged with conspiracy to commit health care fraud and wire fraud, and conspiracy to pay/receive kickbacks in violation of EKRA, based on his role as CEO of Second Chance Detox, LLC ("Compass Detox").  This scheme is alleged to have gone on since 2017; during this time, Compass Detox and an associated outpatient facility, WAR Network, LLC ("WAR"), employed hundreds of people, and billed or caused to be billed over $91 million dollars while purportedly treating over 980 distinct patients.

As a condition of his bond, MARKOVICH was told by the Court that he could not communicate with co-defendants, co-conspirators, and potential victims/witnesses in this case except through counsel, and that a no-contact list would be forthcoming from the Government. This is a standard condition of bond in this district, particularly in a complex health care fraud case

involving multiple entities with numerous current and former patients and employees, as here. And contrary to MARKOVICH's belief [D.E. 43 at 2], the Government never stated at his initial appearance (nor at any other Defendants' initial appearance) that it would identify the confidential witnesses and patients in the Complaint affidavit before a preliminary hearing.[1]

The Government, both at MARKOVICH's initial appearance (as well as every other Defendants' initial appearance), and in a cover email and letter to all defense counsel dated October 9, 2020, made it clear that this no-contact restriction extended to all current and former patients and employees of Compass Detox and WAR, and informed MARKOVICH that he should not contact his: co-defendants; co-conspirators; nor any current or former patients, or employees; nor owners and operators of testing labs Compass Detox and WAR worked with during the alleged conspiracy period. The Government's cover e-mail to defense counsel explained its rationale for identifying its no-contact list by witness categories rather than specific names.[2]  To date, MARKOVICH is the only Defendant (out of ten) to complain that the Government's no-contact letter outlining this restriction is vague, and/or unduly burdensome.

MARKOVICH, among other Defendants, was allowed a 15-day grace period—which expired on October 15, 2020—to continue working at Compass Detox and WAR to ensure

---

[1] Indeed, the undersigned recalls that the Government stated the exact opposite at Defendant Kustura's initial appearance on September 29, 2020.  Further, the undersigned believes based on its remarks from the bench that the Court agreed that the Government did not have to identify its Confidential Witnesses referred to in the Complaint affidavit, but the Court added that if the Government did not want Defendants contacting individuals, names had to be provided. The Government has tried to do this whenever possible, but is constrained by the Title 42 Order in this case, and the nature of the preliminary hearing itself.  The Government respectfully submits that, for the reasons explained throughout this Opposition, and in Exhibit 2, specific names are in fact not needed to provide Defendants (including, and perhaps especially, MARKOVICH, given that he was at Compass Detox almost daily) sufficient guidance and notice as to whom Defendants should not directly speak with, and should instead use counsel or defense investigators to contact. MARKOVICH knows whom the former patients/employees are, based on his own experience, and information provided by the Government since his Motion was filed.

[2] While the Government's October 9 no-contact letter was attached to MARKOVICH's Motion, the lengthy cover email explaining the Government's rationale for this letter, and its use of general categories rather than specific names, was omitted from his Motion.  The Government attaches both as Ex. 1 & 2.

3

continuity of care and a smooth transition as the facilities are shut down.[3] During this time, the Court allowed him to communicate with patients and employees as part of any necessary work he did at Compass Detox, but was further instructed by the Court that he could not talk with any such individuals about this case.  MARKOVICH was not given a list of these people before this bond condition was set; he knew who they are because he was there at the facility.  And the same principle applies now.  MARKOVICH knows who the current/former patients and employees of Compass Detox and WAR are, and therefore knows exactly whom he should not contact directly.

As the Government offered to do in the cover e-mail explaining the no-contact list, the Government contacted counsel for Compass Detox, who agreed to obtain a list of current and former employees from both facilities.  This list of current employees was produced to Defendants yesterday (October 19).  The Government hopes to supplement with a list of prior employees if/when it receives it from company counsel.  Such a list from the subject entities themselves was more complete than anything the Government could provide.  At minimum, this should moot MARKOVICH's motion to compel any employee names, including the names of any former employees referenced in the Complaint.

As to the names of patients, the Government explained (as outlined in its Unopposed Motion for a Protective Order, and its First Response to the Standing Discovery Order [D.E. 33, 46]) that the Government reads Title 42 to require the Government to provide patients with notice of the Title 42 Order, and an opportunity to object to the Title 42 Order or the use of their confidential substance abuse patient information.  The Government has already provided this notice to patients and the deadline for them to object is October 29, 2020.  Until that date has

---

[3] The Government's understanding is that Florida's Department of Children and Families issued an Emergency Suspension Order against both facilities early last week, effectively closing them, while providing alternatives for the treatment of their current patients.

passed, the Government has serious concerns about producing a list of patient names obtained pursuant to the Title 42 Order, including as part of a no-contact list. MARKOVICH's motion says nothing about this concern, and MARKOVICH did not oppose the Government's Motion for a Protective Order which flagged the Title 42 notice process for the Court.

In short, MARKOVICH will receive the list of names he seeks—he has already received the names of current employees, hopefully he will receive a list of prior employees, and he will receive patient names after the October 29 deadline for patients to object to the Title 42 Order. Thus, a motion to compel a more detailed no-contact list—to the extent that it is even an appropriate subject for a motion to compel (which the Government disputes) or is even necessary for someone with MARKOVICH's role and knowledge (which it is not)—is premature at best.

Finally, this is not yet an indicted case. The investigation of this matter is ongoing. Thus, any list of potential witnesses and victims is somewhat in flux. Further, all of the current/former patients of Compass Detox and WAR are potential victims in this case to the extent they paid co-pays in addition to their insurance coverage, and further that they were subjected to, under the Government's theory, fraudulent, sub-standard and even dangerous treatment (for example, in the form of over-prescription of controlled substances, and a "Comfort Drink."). All current and former employees could provide factual testimony. The no-contact rule as explained in the Government's e-mail letter to counsel thus makes eminent sense at this early stage of the case, and, particularly as to MARKOVICH, is not unduly burdensome nor even particularly difficult to comply with.

## ARGUMENT

**1. The Government Is Not Required To Identify The Witnesses And Individuals Referred To In The Criminal Complaint Affidavit Before A Preliminary Hearing.**

The first (and main) request in MARKOVICH's Motion can be summarily denied.  The Government is simply not required to disclose the confidential witnesses nor the individuals that are referred to anonymously in the Complaint, particularly before any preliminary hearing.  Rule 5.1 does not entitle a defendant to know the identity of an informant for a preliminary hearing. See e.g., United States v. Hart, 526 F.2d 344, 344 (5th Cir. 1976) ("[T]he magistrate was not required to permit Hart to elicit from the government witness, by cross-examination, the identity of the informer.").  Thus, any motion to compel such information fails.

In addition, the Government enjoys a "privilege to withhold from disclosure the identity of persons who furnish information of violations of law" to law enforcement officers.  Roviaro v. United States, 353 U.S. 53, 59 (1957). In determining whether nondisclosure is appropriate, the Court must consider three factors:  "(1) the extent of the informant's participation in the criminal activity; (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant; and (3) the government's interest in nondisclosure." United States v. Flores, 572 F.3d 1254, 1265 (11th Cir. 2009) (per curiam) (quotation marks omitted). Here, a review of the complaint shows that:  (1) many of the anonymous individuals did not directly participate in the activity described in the affidavit; (2) many of the individuals had a very tenuous relationship with the Defendants; and, most importantly, (3) the United States must protect their identity in order to safeguard sensitive information that may be relevant to ongoing, open investigations, including this one.

The Government notes that in another recent addiction treatment fraud case in this district, charged by criminal complaint, the Government took this exact same position prior to a

6

preliminary hearing.  In United States v. Michael Ligotti, Case No. 20-mj-08265, the Government, in responding to a defense motion seeking the lifting of redactions from Jencks material in the form of interview memoranda provided by the Government to the defendant in redacted form in advance of a preliminary hearing (in virtually exactly the same manner as has been done in this case), the Court denied defendant's motion in its entirety, and allowed the Government to keep the confidential witnesses and individuals in that case anonymous.  [See Ligotti, at D.E. 21-23].  The Government informed MARKOVICH of how this same subject was handled in Ligotti, but any mention of this is conspicuously absent from his Motion.

### 2.   The No-Contact List Is Sufficiently Detailed And Not Overly Burdensome.

MARKOVICH asks the Government to be more specific in its no-contact list.  This is unnecessary.  MARKOVICH, as CEO of Compass Detox, knows exactly who its current/former employees, and patients, are.  There is no mystery here.  And the Government has provided a list of current employees to Defendants.[4]  MARKOVICH has no real complaints as far as knowledge.

Further, and far more importantly, Compass Detox and WAR have both been effectively closed by Florida's Department of Children and Families. The grace period for MARKOVICH (or any other Defendant) to contact a patient or employee as part of their employment during the transition of these entities expired on October 15, 2020.  Therefore there is simply no need any longer for MARKOVICH (or any other Defendant) to contact former employees and patients except to talk about this case.  And while he is prohibited from doing so himself, MARKOVICH may do so through counsel or an investigator, as the Government made expressly clear in its

---

[4] Since the Government has concerns about providing patients' names in advance of the October 29, 2020, deadline for patients to object to the Title 42 Order and/or the use of their information (as outlined in the Protective Oder), it has not provided a list of Compass Detox/WAR patients to Defendants.  One patient to date has asked to Government for a copy of the Title 42 Order, presumably to decide if that patient will object.  In any case, this requirement is not unduly burdensome, simply because the Defendants know who the former patients are, including MARKOVICH. Defendants will receive the names of patients in the Government's possession in Rule 16 discovery anyway.

October 9 no-contact letter (Ex. 1), and as this Court re-iterated in its Order setting a response deadline to his Motion.[5]  MARKOVICH is thus denied nothing in preparing his defense.

MARKOVICH argues the Government's no-contact list is overbroad because not all current/former patients nor employees could be witnesses.  But the investigation of this case is still ongoing; it has not yet been indicted.  Further, any patient could be a potential victim due to co-pays and allegations of sub-standard treatment, and any current/former employee could conceivably be a fact witness.  And if MARKOVICH did himself deliberately contact a current/former patient in order to talk about this case, presumably he already knew exactly who they were.[6]  Finally, the Government is unaware of any case law, rule, or statute holding that a defendant is only prohibited from directly contacting individuals the Government is absolutely certain will be witnesses at trial.

---

[5] The Government's no-contact list similarly never prohibited defense counsel nor investigators from contacting the types of individuals named in it, and in fact expressly allowed such contact by defense counsel "or an investigator engaged by counsel",  noting only that Defendants should not contact them directly themselves. [See Ex. 1, at 1, Gov't 10/09/2020 No-Contact Letter].  Thus, MARKOVICH's insistence that his Sixth Amendment rights were curtailed by the Government's no-contact letter, because "defense attorneys and investigators" could not interview such people [id., at 3], is just mistaken. And as this Court further noted, its no-contact Order said no such thing either, and allowed defense counsel and investigators to contact potential witnesses/victims, [see D.E. 45].

[6] MARKOVICH's fear that he may accidentally contact someone on the no-contact list is hypothetical at best.  As the Government made clear in its e-mail sending its no-contact letter, it would not seek to argue any violation of the no-contact restriction if MARKOVICH (or anyone else) inadvertently contacted a current/former patient or employee without knowing who they were, and further noted any notion of such inadvertent contact would be belied by any discussion of this case, since this necessarily meant that the Defendant knew (or realized) exactly who the former patient/employee was. [See Ex. 2].

## CONCLUSION

For the reasons stated above, MARKOVICH's Motion to Compel Names of Government

Witnesses and Individuals Named in Criminal Complaint should be denied in its entirety.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

DANIEL KAHN, ACTING CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

By:     /s/ *James V. Hayes*
JAMES V. HAYES
Senior Litigation Counsel
FL Special Bar No. A5501717
JAMIE DE BOER
Trial Attorney
FL Special Bar No. A5502601
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C.  20005
Phone:  (202) 774-4276
Email: James.Hayes@usdoj.gov
Email: Jamie.deBoer@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 20 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ *James V. Hayes*

9