UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-6469-CR-HUNT

UNITED STATES OF AMERICA,

     Plaintiff,

v.

JONATHAN MARKOVICH, et al.,

     Defendants,

_____/

## ORDER

This matter is before this Court on Defendant Daniel Markovich's Motion to Compel Names of Government Witnesses and Individuals Named in Criminal Complaint. ECF No. 43. The Government filed a Response in Opposition, ECF No. 52, and Defendant filed a Reply. ECF No. 55. Having reviewed the pleadings and the record and being otherwise fully advised, it is hereby ordered that the Motion is DENIED.

When bond was set in this matter, the undersigned imposed the standard condition that Defendant not have contact with any victims or witnesses in the case except through counsel. At the Government's request, that prohibition was extended to include current and former employees of Compass. The Government agreed to furnish to defense counsel a list of witnesses, codefendants and victims. Defendant was permitted to continue work at Compass for an additional 15 days and this prohibition of contact was tolled during that time. Defendant was also specifically authorized to have contact with family members but was cautioned not to discuss the case with employees, victims or family members. ECF No. 26.

Defendant now seeks "a list of all witnesses identified in the Criminal Complaint by initial and any other witnesses, employees, or patients that Mr. Markovich has been ordered to stay away from." ECF No. 43 at 1. Alternatively, he asks the Court to eliminate the standard no-contact provision from his bond. The Government counters that it has provided Defendant with a no-contact letter and accompanying email that sufficiently identifies who it considers to be on its no-contact list by categories; has supplemented this letter with a list of current employees and intends to supplement with a list of former employees; and will supplement the list with patient names subject to an agreed (and already entered) protective order (ECF No. 34) after providing the patients the notice and opportunity to object required by Title 42. The Government objects, however, to providing the names of "confidential witnesses and individuals anonymously referred to" in the complaint affidavit. ECF No. 52 at 1.

The undersigned finds that the Government, assuming it follows through on its promised supplements, has sufficiently complied with its obligations related to the bond conditions set in this case, and has supplied Defendant with adequate notice of the people he cannot personally contact. To the extent Defendant seeks to have confidential witnesses identified, the undersigned again, as in the previously entered *Jencks* order, declines to order the Government to disclose the names of confidential witnesses at this stage of the prosecution. *See* ECF No. 59 (citing *Roviaro v. United States*, 526 U.S. 53, 59 (1957); *United States v. Hart*, 526 F.2d 344 (5th Cir. 1976)).

Defendant expresses concern that this routinely-imposed standard bond condition "will prevent [him] from properly preparing a defense in violation of his Sixth Amendment right" and will cause defense counsel and defense investigators to "fear interviewing and

2

identifying potential witnesses for fear of committing obstruction of justice by approaching an alleged government witness." ECF No. 43 at 3.  It does no such thing.  As was clearly stated in court and in the bond paperwork, the condition only restricts Mr. Markovich from contact "except through counsel."  ECF No. 26 at 2.  The undersigned reiterated this in the order requiring response to Defendant's Motion.  ECF No. 45 ("The undersigned notes, in case my intention was unclear, that the bond condition at issue does NOT prevent defense counsel or defense investigators from contacting victims or witnesses. It only restricts direct contact by the Defendant himself.").  In case it is still unclear, here it is again:  nothing in this order or the previously entered bond conditions shall be construed to restrict or limit defense counsel or defense investigators in identifying, contacting and interviewing potential witnesses.

Accordingly, for the above reasons, the Motion to Compel Names of Government Witnesses is DENIED.

DONE and ORDERED in chambers at Fort Lauderdale, Florida, this 29th day of October 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE