UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH, and
DANIEL MARKOVICH,

        **Defendants.**
_____/

## GOVERNMENT'S MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESS

The United States of America hereby files this Motion to Exclude the Defendants' Expert Witness, pursuant to the Scheduling Order entered in this case [see D.E. 183-84], as well as Federal Rule of Criminal Procedure 16, and Federal Rule of Evidence 702.

The Government provided its expert's name, background, qualifications, and a basic synopsis of her conclusions about this case, in eight detailed paragraphs in the criminal complaint charging Defendants filed on September 27, 2020. [D.E. 1, at ¶¶ 78-85, pp. 29-32].[1] In addition, in this same complaint the Government provided the names and case numbers of four past addiction treatment cases she recently worked on for the Government in this district. [Id., at ¶ 79]. Thus, Defendants have known the identity, background, qualifications, and basic testimony of the Government's expert for roughly nine months.

The Defendants asked for an August 2021 trial date at two status conferences in this case.

---

[1] Further, the Government advised in its First and Second Responses to the Standing Discovery Order [D.E. 46 at 6, D.E. 166 at 3], that it intended to introduce the expert testimony of Dr. Kelly J. Clark as part of its case in chief. Dr. Clark's resume was provided to Defendants on March 25, 2021, as part of discovery.

1

Defendants proposed and agreed to a schedule that required the Government to disclose its expert on June 11, 2021, and for Defendants to disclose their expert on June 25, 2021; this Court adopted this schedule in its Pre-Trial Scheduling Order.   [D.E. 183-84].[2]

Pursuant to the Rules and Orders referenced above, on June 11 the Government provided two expert reports from Dr. Clark (a 15-page August 26, 2020, pre-complaint report, and a 35-page pre-trial expert report dated June 11, 2021), and filed a detailed summary on the docket of Dr. Clark's proposed expert testimony, including her opinions, their bases, and enumerated topic areas with bullet-point descriptions of various subject matters, [D.E. 202].  The Government also provided Defendants with transcripts of Dr. Clark's prior expert testimony in recent addiction treatment fraud trials in this district: United States v. Abovyan, et al., 18-CR-80122-MIDDLEBROOKS, and United States v. Ahmed, et al., Case No. 19-CR-60200-COHN: and her testimony in a Daubert hearing in another addiction treatment fraud case, U.S. v. Snyder et al., 18-CR-80111-ROSENBERG.  Finally, the Government identified the Compass Detox and WAR patients Dr. Clark evaluated for her reports.   Defendants have, to put it mildly, received fulsome expert disclosure to date, far beyond what the Government is required to provide.[3]

Defendants, by contrast, met their expert disclosure deadline with a bare-bones, less than two-page report that stated only that they intended to call a "rebuttal" expert to counter Dr. Clark.

---

[2] This schedule set deadlines for all motions of July 9, 2021.   Since then, the parties have agreed that any objections to the proposed expert, and/or requests for a Daubert hearing, would be filed on or before July 9, 2021, but that all other Motions in this case will be filed by July 16, 2021.

[3] The Government also provided Defendants notice, as part of this disclosure, describing the likely testimony of six other Government witnesses at trial, including summary witnesses, and witnesses from private insurers.

[D.E. 204].[4]  This disclosure contained a single sentence about what this expert would talk about, and noted that if/when they decided on an expert witness, Defendants would let the Government know whom it was.[5]  This disclosure falls far short of that required under the Rules, and contemplated by the Pre-Trial Scheduling Order imposed by the Court at Defendants' request.

Once the Government provided expert disclosure at Defendants' request, as here, Federal Rule of Criminal Procedure 16(b)(1)(C)(i) expressly obligated Defendants to timely provide the Government with a description of its expert "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."[6]  Defendants have utterly failed to do so within the confines of an expert disclosure deadline that they themselves set, and asked this Court to adopt. And the Government has been told that it may receive additional notice including the identity and background of Defendants' expert—which the Government would need to challenge such an expert's qualifications if necessary—whenever the defense sees fit to get around to it.  The same

---

[4] While Rule 16(a)(1)(G) only requires the Government to notice an expert it intends to call in its "case in chief," and does not necessarily require notice of rebuttal expert witnesses (see United States v. Frazier, 387 F.3d 1244, 1256-57 (11th Cir. 2004)), Rule 16(b)(1)(C) makes no such distinction for defense experts once the Government has disclosed its expert at Defendant's request.  Accordingly, it does not matter if Defendants' expert witness is deemed a "rebuttal" expert; notice is still required.  The Court's Pre-Trial Order makes no such distinction either, and requires Defendants to make a proper expert disclosure, whether or not their expert witness is a "rebuttal" expert.

[5] "Once the Markoviches finalize whom they intend to proffer as a rebuttal expert, undersigned counsel will notify the Government of that person's name, CV, additional credentials and qualifications, publications, and expected testimony." [D.E. 204, at 2].

[6] Rule 16's expert disclosure provisions are "intended to meet [the need for counsel to learn that an expert is expected to testify] by first, requiring notice of the expert's qualifications which in turn will permit the requesting party to determine whether in fact the witness is an expert within the definition of Federal Rule of Evidence 702." Fed. R. Crim. P. 16 Advisory Committee's Note (1993). Next, "the requesting party is entitled to a summary of the expected testimony." Id. And finally, "and perhaps most important, the requesting party is to be provided with a summary of the bases of the expert's opinion." Id.  As such, Rule 16 disclosure is intended to "minimize the results from unexpected expert testimony ... and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Id.  Defendants lack of any meaningful Rule 16 expert disclosure makes this impossible.

appears to be true for any description of their expert's likely testimony, and the bases for such opinions. Thus, while the Government has provided expert disclosure far beyond what is required, Defendants have provided essentially nothing in return.

Late disclosure (even before July 9, when the Government's Daubert motion is due) of the proposed defense expert's name and background, and their "qualifications, publications and expected testimony" will not cure these deficiencies, particularly in light of the fast-approaching trial date on which the Defendants have insisted. If all Defendants can provide by the Court's expert disclosure deadline is a less than two-page report that does not even identify an actual expert, with a single substantive sentence regarding what their yet-to-be-named expert will testify about, then their expert witness should be precluded by this Court under its Pre-Trial Scheduling Order, Rule 16, and Federal Rule of Evidence 702.[7] The Government cannot evaluate if it needs to object to the defense expert based on such deficient disclosure, nor can this Court perform its gatekeeping function under Daubert and Rule 702 to evaluate whether Defendants' proposed expert is qualified, and if their testimony is reliable. Under Rule 16(d)(2)(C), this Court has the authority to exclude Defendants' undisclosed expert witness, which relief the Government now respectfully requests.

And if Defendants are unable to comply with the scheduling order they proposed and this Court adopted, perhaps they are rushing to trial too fast, particularly when six co-defendants admitted that they need more time to prepare for trial given the complexity of this case. Given the trial date set by, and recently re-affirmed by, the Court, the proper remedy for any untimely

---

[7] See United States v. Prather 205 F.3d 1265, 1271-72 (11th Cir. 2000)(affirmed district court's exclusion of recording to impeach government witness during cross-examination under district court's Rule 16 pre-trial discovery order because of defendant's failure to timely disclose its existence to the prosecution).

expert disclosure is exclusion of the Defendants' expert.

WHEREFORE the Government respectfully requests that this Court preclude the Defendant's expert witness from testifying given their failure to comply with Rule 16, Rule 702, and this Court's Pre-Trial Scheduling Order.

Dated: June 28, 2021

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

By: /s/ James V. Hayes
JAMES V. HAYES (FL Bar # A5501717)
Senior Litigation Counsel
JAMIE DE BOER (FL Bar #A5502601)
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 774-4276
James.Hayes@usdoj.gov
Jamie.DeBoer@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*James V. Hayes*