UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020- DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH and
DANIEL MARKOVICH,

      Defendants.
_____/

## DEFENDANTS JONATHAN MARKOVICH AND DANIEL MARKOVICH'S RESPONSE TO GOVERNMENT'S MOTION TO EXCLUDE DEFENDANTS' EXPERT WITNESS

Defendants Jonathan Markovich and Daniel Markovich (collectively referred to as the "Markoviches"), by and through the undersigned counsel, hereby file this Response to the Government's Motion to Exclude Defendants' Expert Witness [D.E. 206], and state as follows in support thereof:

The government's motion was not filed in good faith.[1] While the Parties agreed to disclose identified experts by June 21, 2021, the defense cannot disclose an expert that has not been retained. On June 18, 2021, the Parties had a status call and the government was notified that the defense was still in search of an expert. Moreover, it is well established that rebuttal experts and witnesses do not need to be disclosed.

"It is an abuse of discretion to exclude the otherwise admissible opinion of a party's expert on a critical issue, while allowing the opinion of his adversary's expert on the same issue." *United*

---

[1] Additionally, the government's commentary about the defense's "rush to trial" [D.E. 206 at 4] is misplaced, when it was the government that chose when to indict this case, which started the clock on a fundamental constitutional right – the right to a speedy trial.

126400342.2

*States v. Lankford*, 955 F.2d 1545, 1552 (11th Cir. 1992).  The Markoviches are entitled to offer a rebuttal expert.  The government is inviting the Court to commit plain error by excluding a rebuttal expert for the Markoviches.

Additionally, "[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements."  *United States v. Windham*, 489 F.2d 1389, 1392 (5th Cir. 1974).  The Markoviches' expert will only be used as a rebuttal expert to the government's expert, Dr. Clark.  Nowhere does the schedule adopted in the Court's Pre-Trial Scheduling Order provide a deadline for disclosure of rebuttal experts. [D.E. 183-84].

Despite the government's assertion that the Markoviches have known about Dr. Kelly's testimony for nine months, the government's disclosure of her actual proposed testimony was not revealed to the Markoviches until June 11, 2021 when the government filed its Disclosure of Expert Witness and Evidence.  [D.E. 202].  The Markoviches are in the process of procuring a rebuttal expert to Dr. Clark's testimony.  And as stated previously, [D.E. 204], once the Markoviches finalize whom they intend to proffer as a rebuttal expert, undersigned counsel will notify the government of that person's name, CV, additional credentials and qualifications, publications, and expected testimony.  Thus, the government will not be prejudiced because the government will know of the Markoviches' rebuttal expert at the same time as the Markoviches.

Even if the Court would hold that the Markoviches were required to disclose their rebuttal expert by June 21, 2021, the Court is not required to exclude the Markoviches' rebuttal expert as recommended by the government.  Rule 16(d)(2) gives the Court discretion on how to address this issue.  The government's interpretation that the Markoviches have somehow waived their right to introduce a rebuttal expert at trial—by not disclosing their rebuttal expert fourteen days after the government disclosed their expert—is simply incorrect and provides an unnecessary and

severe remedy. *See May v. Lake Front Grp Ltd.*, 2012 WL 12898021, at *1-2 (S.D. Fla. Sept. 7, 2012) (King, J.) (holding that, in civil case where defendant's disclosure of expert witnesses was similar to the disclosure at issue here, "striking [d]efendant's expert witnesses would be a severe and unnecessary remedy").

Dated: June 30, 2021                        Respectfully submitted,

| | |
|---|---|
| *s/      Marissel Descalzo* | *s/ Michael Pasano* |
| Marissel Descalzo (FBN 669318) | Michael S. Pasano (FBN 475947) |
| Email: mdescalzo@tachebronis.com | E-mail: mpasano@carltonfields.com |
| Tache, Bronis, and Descalzo, P.A. | CARLTON FIELDS |
| 150 S.E. 2 Ave., Suite 600 | 700 N.W. 1st Avenue, Suite 1200 |
| Miami, FL 33131 | Miami, Florida 33136-4118 |
| Tel: 305-537-9565 | Telephone: (305) 530-0050 |
| *Counsel for Daniel Markovich* | *Counsel for Jonathan Markovich* |