UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH, and
DANIEL MARKOVICH,

        **Defendants.**
_____/

## GOVERNMENT'S REPLY TO DEFENDANTS' OPPOSITION

The United States of America hereby replies to Defendants' Response to the Government's Motion to Exclude Defendants' Expert Witness. [D.E. 208].

Defendants misstate the issue before the Court, and play a semantic word-game by terming their expert as a "rebuttal" expert, which avails them nothing. Defendants are generally able to call any expert witness with no advance notice. But a simple exception is found in the reciprocal expert discovery section of Federal Rule of Criminal Procedure 16. Under Rule 16(b)(1)(C), once Defendants requested the disclosure of certain expert evidence—which they did with their proposed Pre-Trial Scheduling Order which this Court adopted [D.E. 83-84]—they became obligated to make expert disclosures in return. This is not optional, and no exception is made for "rebuttal" experts. Specifically, under the Rule, since the Defendants requested a written summary of the expert testimony the Government intends to introduce, they "must" provide similar notice of any expert testimony they intend to use. Fed. R. Crim. P. 16(b)(1)(C). These written summaries "must describe" the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Id. §§ 16(a)(1)(G), 16(b)(1)(C).

1

Defendants argue that if their expert is a "rebuttal" expert, Rule 16's mandatory reciprocal expert disclosure rule does not apply. They cite no case law in support of this notion.[1] The one case they cite in support, United States v. Windham, 489 F.2d 1389, 1392 (5th Cir. 1974), has nothing to do with Rule 16(b)(1)(C)'s mandatory reciprocal expert disclosure obligations, and simply talks about rebuttal experts generally in a case involving a government rebuttal expert to counter defense evidence at trial. Such a case is meaningless in this context. If Defendants were correct, and a so-called "rebuttal" defense expert was exempt from Rule 16's reciprocal disclosure obligations, the exception would swallow the rule. Virtually any defense expert in a criminal case where the Government has disclosed its own expert at Defendant's request could be called a "rebuttal" expert. There would be no need whatsoever for Rule 16(b)(1)(C)'s mandatory reciprocal expert discovery provisions if defense "rebuttal" experts were exempt. Rule 16(b)(1)(C) makes no such distinction, and no case law supporting this notion exits for a simple reason: Defendants are wrong. Defendants' request for expert discovery from the Government, and the Government's compliance, obligated them to provide full expert disclosure, no matter the nature of their expert.

Defendants have known the Government would call an expert for nine months; thus, they surely knew they would need one to defend this case. Defendants asked the Government for

---

[1] By contrast, while at times admittedly in cases with far more egregious untimely disclosures, this Circuit has ruled that defense experts may indeed be excluded in the district court's discretion for lack of timely notice under Rule 16(b)(1)(C). See United States v. Petrie, 302 F.3d 1280, 1288-89 (11th Cir. 2002) (disclosure was the Friday before trial commenced on Monday, and defense expert testimony in a money laundering case would have simply provided the jury with background information regarding financial matters, and explanations of the funding scheme provided by the cooperating witnesses, which was not expert testimony); United States v. Blair, 493 Fed. Appx. 38, 52-53 (11th Cir 2012) (untimely defense expert disclosure made on eighth day of trial warranted exclusion of defense expert). This Circuit has also upheld preclusion of a defense expert under Rule 16 for bare-bones disclosures, as the one in this case. United States v. Hawthorne, 759 Fed. Appx. 765, 770-71 (11th Cir. 2018) (unpublished)(defendant's "brief perfunctory" expert disclosure warranted exclusion under Rule 16(b)(1)(C)).

expert disclosure, and not this Court. The Government provided it. Defendants are thus obligated to make similar disclosures. They seem to argue they do not have to, but they "must" under Rule 16(b)(1)(C). The deadline for Defendants to provide expert disclosure was not imposed on them unwillingly by the Court. They set the timetable. If they could not meet it, Defendants should have set a later deadline in the first place, or asked for more time.[2]

Defendants complain that the Government's request for exclusion of heir expert is too harsh a remedy. But Defendants do not make any attempt to supplement their expert notice in light of the Government's objection and complaints of prejudice; instead, they double-down and flatly state they are under no obligation to provide any expert notice at all because they are calling a "rebuttal" expert witness, thereby ignoring the very schedule they set, and Rule 16's clear directives. The deadline for <u>Daubert</u> motions is just over a week from now, and still the Government has not received the expert disclosure Defendants are required to provide. Moreover, Defendants wrongly suggest the law clearly exempts them from any expert disclosure obligations at all. Thus, the proposed remedy requested by the Government is not overly harsh.

---

[2] Shortly after the parties conferred on this issue on June 18, 2021, and agreed to extend the deadline for most pre-trial motions by one week to July 16, the Government informed Defendants by e-mail that if they met their self-created June 25 expert disclosure deadline with a vague notice that did not provide their expert's identity or background, the Government would object.

WHEREFORE the Government respectfully requests that this Court preclude the Defendant's expert witness from testifying given their failure to comply with Rule 16(b)(1)(C), Rule 702, and this Court's Pre-Trial Scheduling Order.

Dated: July 1, 2021

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

DANIEL KAHN
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

By: /s/ *James V. Hayes*
JAMES V. HAYES (FL Bar # A5501717)
Senior Litigation Counsel
JAMIE DE BOER (FL Bar #A5502601)
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 774-4276
James.Hayes@usdoj.gov
Jamie.DeBoer@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*James V. Hayes*