UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH, and
DANIEL MARKOVICH,

        **Defendants.**
_____/

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE
TO THE GOVERNMENT'S RENEWED MOTION TO
EXCLUDE DEFENDANTS' EXPERT WITNESS**

The United States of America filed a Renewed Motion to Exclude Defendants' Expert Witness [D.E. 223], pursuant to this Court's permission to do so if Defendants did not provide their expert disclosure by July 7, 2021. [D.E. 212]. Without informing the Court or the Government beforehand, Defendants missed this deadline. Now, as an excuse, they provide, for the first time, a convoluted rationale that they originally intended to disclose an "affirmative" expert, and proposed a schedule that required their expert disclosure by June 25, 2021, but after the Government's June 11 expert disclosure they somehow realized for the first time that they must call a "rebuttal" expert, and need more time, because Dr. Clark's proposed testimony is too "far-reaching" and "broad." They once more offer the conclusory argument—without any legal support whatsoever—that calling their expert a "rebuttal" expert somehow absolves them from missing their own expert disclosure deadline,[1] and this Court's extended deadline.

---

[1] No such distinction for a defense expert exists in the Rules or case law; this is because any defense expert could be exempted from Rule 16(b)(1)(C)'s mandatory reciprocal expert disclosure requirements simply by being deemed a "rebuttal" expert. Further, the term "rebuttal" expert could conceivably refer to any and all defense experts.

1

Defendants state that prior to June 11, 2021, the Government had simply "noticed" Dr. Clark as an expert and provided her resume. [D.E. 224 at 1]. But Defendants omit to mention that the September 2020 criminal complaint in this case contained sufficient information about Dr. Clark and her opinions to arguably satisfy Rule 16's expert disclosure requirements on its own. The complaint contained a detailed four-page summary of the Government's expert's conclusions, and likely testimony. [D.E. 1, ¶¶ 78-85, pp. 29-32].

Moreover, the complaint detailed not only Dr. Clark's qualifications and background, but also provided a list of addiction treatment fraud cases in this district that she had testified in to date at trial or in a <u>Daubert</u> hearing. In two of these 2018 cases (<u>Abovyan</u> and <u>Synder</u>), these transcripts were, the Government believes, available on the docket at the time the complaint was filed.[2] All Defendants had to do was access these transcripts on CM/ECF to get additional information and context on what Dr. Clark would testify about, particularly as to what Defendants claim is her broad likely testimony on "all aspects of drug and alcohol addiction and care."[3] [D.E. 224 at 2]. The Government intends to introduce testimony that mirrors previous trials and

---

[2] And in any case, on June 11, and shortly thereafter, the Government provided Defendants with these publicly available trial transcripts, additional trial transcripts of Dr. Clark's testimony that were not yet publicly available, two expert reports by Dr. Clark dealing with this case, a lengthy Notice [D.E. 202] outlining her conclusions and her likely testimony as outlined in her expert reports, and other materials.

[3] As the Defendants' are aware, the Government alleges that all aspects of Defendants' treatment programs contributed to the fraud—from how they recruited and obtained patients through illegal kickbacks, to the recycling of patients through different levels of care which were often medically unnecessary, to the overmedication and sedation of patients, to the lack of therapy, to the lack of appropriate treatment, to medically unnecessary laboratory tests. Defendants offered every level of care from detox (the highest level) all the way down to outpatient (the lowest level). This has been an expansive, broad, far-reaching case since it was first filed in September, and the Government has reiterated the breadth and complexity of this case in nearly every pleading filed in this case, including the Indictment, discovery updates detailing the complexity of the case, the Government's response to J. Markovich's motion to dismiss the Indictment, and the Government's recent motion to continue the trial. The Government is befuddled by the Defendants' apparent surprise that Dr. Clark will testify about all aspects of drug and addiction treatment, since that is exactly what this case is about. The breadth of the case and Dr. Clark's proposed testimony is thus no excuse for Defendants' failure to disclose an expert.

hearings Dr. Clark testified in, which Defendants have known about for months.

Thus, there is no way Defendants can plausibly say they were surprised by the scope and nature of Dr. Clark's proposed expert testimony in this case. Indeed, based on the information in the complaint and publicly available transcripts, Defendants have known the identity, qualifications, background, and likely testimony of the Government's proposed expert for more than nine months. Accordingly, any failure on their part to disclose their expert is theirs alone, and has nothing at all to do with the Government's June 11th disclosure. June 11th was simply not the first time Defendants should have realized what Dr. Clark's likely testimony would be; all that changed is that on and after June 11th they received even more details, in what the Government submits is fulsome expert disclosure far beyond what it is required to provide (which Defendants now attempt to argue is somehow too broad for them to contend with under the rigors of various deadlines). Additionally, if Defendants felt they could not meet the expert disclosure deadline they themselves set after receiving the Government's expert disclosure, they should have asked this Court for more time immediately, or certainly before the July 7th extended deadline passed.[4]

Defendants failed to meet Rule 16(b)(1)(C)'s mandatory reciprocal disclosure requirements. The remedy can be exclusion, as outlined in Rule 16(d)(2)(C), and in case law the Government cited. [D.E. 211 at 2 & fn.1]. Another remedy is more time, i.e., a continuance, under Rule 16(d)(2)(B). Defendants have opposed a continuance, and want a trial on August 2, 2021,

---

[4] Indeed, even if the Government had disclosed an additional or unexpected medical expert on June 11th, that still would not excuse Defendants' failure to notice their own expert. Defendants agreed that the Government's deadline to disclose experts (June 11), and their reciprocal deadline (June 25), were sufficient to allow the Defendants time to prepare. The whole point of the schedule they requested was so that the parties could be prepared to begin this trial on August 2nd. The Defendants have known all along that they would have to act quickly upon receiving the Government's disclosures, but that quick turnaround time was based on the exact trial timetable that they have insisted on. Their failure to do so is one thing; their argument that this failure is somehow excusable or acceptable at this point is not credible.

3

or at least as soon as possible.  Defendants' have every right to proceed to trial in accordance with the Speedy Trial Act.  But they do not get to use their Speedy Trial Rights as a weapon to disadvantage the Government in trial preparation by agreeing to, and then twice failing to meet, deadlines for reciprocal disclosures.  Defendants' proposed expert disclosure deadline of July 20th, a full two weeks beyond the prior extension granted by this Court, is simply too late for an August 2nd trial, and does not allow enough time for the Government to file, nor the Court to evaluate, any <u>Daubert</u> Motion, nor conduct a hearing.  Indeed, the Defendants had a full four weeks to brief a <u>Daubert</u> Motion on Dr. Clark, who they have known about since September, and they used every day of it.  The cannot expect the Government to brief a <u>Daubert</u> motion on an expert the Government has never heard of in time for briefing to be complete, a hearing to be held, the Court to rule, and trial to begin on August 2nd.

The Government respectfully submits that Defendants have left this Court with a clear remedy:  either (i) the trial goes forward on or about August 2, 2021, but Defendants are precluded from calling an expert for their repeated failures to timely disclose their expert witness and testimony, or (ii) the case is continued to allow Defendants the additional time they need to meet their expert discovery obligations and for a <u>Daubert</u> Motion to be fully briefed and decided.  The Government stands ready to try this case on or about August 2, 2021 and has complied with every deadline requested by Defendants and imposed by the Court.  But the Government should not be penalized in trying the case on or about August 2nd for Defendants' discovery failures.

4

WHEREFORE the Government respectfully requests that this Court preclude the Defendants' expert witness from testifying at any trial commencing on August 2, 2021, or soon thereafter, given Defendants' repeated failures to provide expert discovery. In the alternative, this trial can be continued to allow Defendants more time to meet their expert disclosure obligations.

Dated: July 10, 2021

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

By: /s/ *James V. Hayes*
JAMES V. HAYES (FL Bar # A5501717)
Senior Litigation Counsel
JAMIE DE BOER (FL Bar #A5502601)
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 774-4276
James.Hayes@usdoj.gov
Jamie.DeBoer@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*James V. Hayes*