UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

DANIEL MARKOVICH,

Defendant.

---

**MOTION TO COMPEL GOVERNMENT TO PROVIDE *BRADY* MATERIALS, WHICH ONLY THE GOVERNMENT CAN OBTAIN**

Defendant Daniel Markovich, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E) and pursuant to the holdings and dictates of *Brady v. Maryland*, 373 U.S. 83 (1963), respectfully requests that this Court order the government to produce and provide the defense with Cognos Audits[1] and/or comparable spreadsheets identifying all claims paid on behalf of the insured patients identified and analyzed in the government expert's report disclosure or which the Government will rely upon during their case-in-chief.

**Introduction**

[1] Cognos audits are a spreadsheet that contains all claims data related to a particular insured patient that can be prepared by an insurance company.

      The government has been investigating Jonathan and Daniel Markovich (the "Markoviches") since, at least, October 2018. By the government's own admission, the investigation has been a joint effort by federal and state law enforcement. [D.E. 1.] In addition to law enforcement, the government has received significant investigative aid from various insurance companies. In fact, the discovery produced by the government is littered with data compiled by insurance companies, to aid the government in its prosecution of the Markoviches. The data includes specific billing and claims data for patients treated at Compass Detox and WAR. It is obvious from the discovery that the data produced by the insurance companies is at the behest of the government – they were provided to the government in response to federal grand jury subpoenas. It is also clear that the insurance companies are eager to assist the government and that they share a close working relationship on this matter.

      For instance, the following screenshot exchange between FBI Special Agent Bhoge and a representative from Magellan Health, pulled from the discovery, shows the insurance company acting as an investigative arm of the government.

**From:** Hurley, Jay <JHurley@magellanhealth.com>
**Sent on:** Thursday, October 31, 2019 1:41:35 PM
**To:** Bhoge, Alberto (MM) (FBI) <ABHOGE@fbi.gov>
**Subject:** RE: RFI

Good morning sir,

My apologies for not responding sooner, but your message wound up in my Spam folder.

Thank you for the documentation and I will get things ready on my end so that we can provide you with the information as quickly as possible.

Sincerely,
Jay Hurley, CFE
(410) 953-4819

-----Original Message-----
From: Bhoge, Alberto (MM) (FBI) <ABHOGE@fbi.gov>
Sent: Monday, October 21, 2019 10:52 AM
To: Hurley, Jay <JHurley@magellanhealth.com>; Dorsey, Kevin P. (MM) (FBI) <KPDORSEY@fbi.gov>; Rushneck, Ronald M. (MM) (FBI) <rmrushneck@fbi.gov>
Subject: RFI

Good morning Jay,

I got your information from my colleague, Kevin Dorsey. I have attached the RFI and a copy of the Title 42 order. Please let us know if you have any questions. Thanks.

Take care,
Alberto Bhoge

Moreover, the federal Eliminating Kickbacks in Recovery Act ("EKRA") allows the government to prosecute alleged kickbacks on behalf of private insurance companies. Prior to EKRA, the government was limited to prosecuting kickbacks tied to a federal health care program. As a result, there is a special relationship between the government and insurance companies that is above and beyond that of a typical victim and/or cooperating witness.

- **Markoviches' Inability to Obtain Substance Abuse Records**

While the Markoviches do have Rule 17 subpoena power, they are unable to obtain patients' medical records from the insurance providers. Specifically, the Markoviches are unable to obtain substance abuse records that are material and necessary for their defense. Records containing information relating to a patient's substance abuse treatment are explicitly protected from use and disclosure under 42

U.S.C. § 290dd-2 and 42 C.F.R. §§ 2.1, *et seq*. Substance abuse records "may be disclosed or used only as permitted by the regulations in [42 C.F.R. §§ 2.1, et seq.] and may not otherwise be disclosed or used in any civil, criminal, administrative, or legislative proceedings conducted by any federal, state, or local authority." 42 C.F.R. § 2.13(a). The restrictions on the use and disclosure of substance abuse records apply to third-party payers, such as insurance companies, with regard to records disclosed to them by providers. 42 C.F.R. § 2.12(d)(2)(i).

Substance abuse records relating to a patient's diagnosis, treatment or billing information can only be disclosed in the following limited circumstances: (i) with patient consent; (ii) to medical personnel to the extent necessary to meet a bona fide medical emergency; (iii) to qualified personnel for the purpose of conducting scientific research, management audits, financial audits, or program evaluation; (iv) when authorized by an appropriate court order upon a showing of good cause by the applicant; and (v) to a public health authority subject to certain restrictions. 42 U.S.C. § 290dd-2(b).

The only exception applicable here is 42 U.S.C. § 290dd-2(b)(2)(C), which allows disclosure pursuant to a court order. The regulations containing the procedures and criteria for the issuance and scope of such orders are located in 42 C.F.R. §§ 2.61–2.67. However, notably missing from the regulations are any provisions allowing a criminal defendant to apply for a court order to be able to

subpoena substance abuse records. For example, 42 C.F.R. § 2.66 allows the government to apply for an order authorizing the disclosure and use of substance abuse records to investigate or prosecute a substance abuse provider or record holder in connection with a criminal or administrative matter. Indeed, this is how the government can obtain patient records in many instances. Moreover, 42 C.F.R. § 2.64 provides that any person having a legally recognized interest in the disclosure of substance abuse records may apply for an order authorizing the disclosure of those records in civil matters—or for noncriminal purposes. These provisions do not allow the Markoviches to obtain substance abuse records that are necessary for their defense.

- **Cognos Audits Requested by the Defense**

The government's purported expert disclosures specifically discussed a small subset of patients that the expert reviewed – ten in total. The expert's analysis was limited to the treatment of these patients at Compass Detox and/or WAR. The government's purported expert did not analyze any prior treatment received by these patients, or fully review their medical files and histories. The treatment provided to patients prior to arrival at Compass Detox and/or WAR, as well as in between admissions to Compass Detox and/or WAR, are important to obtain a complete picture of the patients' medical history. This information can also be exculpatory. A complete picture of the patient's treatment history can be obtained from claims

data available to insurance companies. Specifically, insurance companies, if requested, can pull up a Cognos Audit for any insured that shows all claims data for a particular insured. In fact, one insurance company produced such information for one patient, which was produced in discovery[2].

On June 24, 2021, counsel requested that the government provide Cognos Audits for patients identified in the government expert's report, as well as for patients upon whom the government will be relying on to meet their burden during their case-in-chief. The government refused and directed counsel to serve a trial subpoena[3] or file a motion to compel. Because the Markoviches are prevented from securing any patient records due to the privacy protections outlined herein, and the Government refuses to aid in this regard, the undersigned seeks an order from the Court compelling the government to secure the data for the defense in advance of trial.

## ARGUMENT

*Brady* requires the prosecutor to turn over to the defense evidence that is favorable to the accused, even though it is not subject to discovery [under Rule 16].

---

[2] While the government stated that this information was not specifically requested from that provider, but that the provider produced it. The existence of the Cognos Audit coupled with the fact it was produced to the government establish this information is easily obtainable by the government with little effort.

[3] The government demanded that defense counsel serve a trial subpoena requesting the information even though the government should be well aware that counsel has no authority under the law to do so.

See *Brady*, 540 U.S. 821 (2003). The Supreme Court subsequently held that the duty to disclose exculpatory evidence is applicable even when the defendant fails to request such material, *United States v. Agurs*, 427 U.S. 97, 107 (1976), and that this "duty to disclose" under *Brady* includes impeachment evidence as well as exculpatory evidence. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150, 154 (1972).

The duty to disclose includes all exculpatory and impeachment evidence in the possession of the government, including evidence "known only to police investigators and not to the prosecutor." *Kyles v. Whitley*, 514 U.S. 419, 438 (1995); *United States v. Jordan*, 316 F.3d 1215, 1249 (11 Cir. 2003) (With regards to the government's discovery obligations, disclosure of evidence in the "possession, custody, or control of the government" includes materials in the hands of a governmental investigatory agency closely connected to the prosecutor).

Therefore, in order to comply with *Brady* and its progeny, "the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf … including the police." *Strickler v. Green*, 527 U.S. 263, 281 (1999) *quoting Kyles*, 514 U.S., at 437. The principle underlying these holdings was set out in *Brady*: "The principle … is not punishment of society for misdeeds of a prosecutor but avoidance of an unfair trial to the accused. Society wins not only when the guilty are convicted but when criminal trials are fair; pour

system of the administration of justice suffers when any accused is treated unfairly." 373 U.S. at 87-88.

While there is no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor, if the defense makes a specific request for certain documents and information, and the subject matter of such request is material, or indeed if a substantial basis for claiming materiality exists, the prosecutor must respond by either furnishing the information or by submitting the problem to the trial judge. *United States v. Agurs*, 427 U.S. at 106.

Here, the insurance companies are an extension of the government. The government and insurance company representatives are in constant contact, and only the government can seek a court order and request the medical files sought. The insurance companies are eager to provide the government with any requested information. The defense does not have the same access to the insurance companies – nor can they obtain any such court order. As explained above, the defense does not have subpoena power to obtain information from the insurance companies. The defense is hamstrung in this regard and cannot adequately prepare its defense and cross examine the government's proposed expert witness; former Compass/WAR patients who are government witnesses; or any witness testifying about former patient files. Not only is this inconsistent with the Sixth Amendment and notions of due process, but this also creates unfair prejudice to the defense. It is simply

inconceivable that the government can unfairly prejudice the defense by unfettered access to materials it wants from insurance companies and to use insurance companies as an investigative arm, while depriving the defense of similar access.

**WHEREFORE**, the Defendant, Daniel Markovich, moves this Honorable Court to grant this Motion to Compel and require the government to produce Cognos Audits (or similar data) for the patients identified in the government's expert's report, as well as patients and/or patient files that the government intends on relying upon during its case-in-chief.

**Rule 88.9 Certification**

Counsel for Mr. Markovich hereby certifies that she has conferred with counsel for the government in a good faith effort to resolve the issues raised in the motion. Counsel for the government opposes this motion,

Dated: July 13, 2021

Respectfully submitted,

TACHE, BRONIS, AND DESCALZO, P.A.
150 S.E. 2 Avenue, Suite 600
Miami, Florida 33131
Telephone: (305) 537-9565
Facsimile: (305) 537-9567

By: */s/ Marissel Descalzo*
Marissel Descalzo, Esq.

Florida Bar No. 669318
mdescalzo@tachebronis.com
service@tachebronis.com
*Counsel for Daniel Markovich*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed this day via CM/ECF and served on all counsel of record appearing on CM/ECF on this 13th day of July, 2021.

By: */s/ Marissel Descalzo*
Marissel Descalzo, Esq.