UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020- DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH and
DANIEL MARKOVICH,

  Defendants.
_____/

### DEFENDANTS JONATHAN MARKOVICH AND DANIEL MARKOVICH'S OMNIBUS MOTION IN LIMINE

Defendants Jonathan Markovich and Daniel Markovich (collectively referred to as the "Markoviches") move this Honorable Court *in limine* to (i) preclude government witnesses from testifying about a particular patients need for detox and/or substance abuse treatment; (ii) preclude the government from presenting improper wealth evidence as to the Markoviches; (iii) preclude the government from mischaracterizing permissible practices as criminal conduct; (iv) preclude the government from introducing Facebook or other social media posts into evidence; and (v) exclude improper opinions regarding the illegality of witnesses' and the Markoviches conduct. In support thereof, the Markoviches state as follows.

### ARGUMENT

**I. MOTION *IN LIMINE* TO PRECLUDE LAY WITNESS OPINION FROM DISCUSSING THE MEDICAL NECESSITY OF SUBSTANCE ABUSE TREATMENT, INCLUDING DETOX AND RESIDENTIAL TREATMENT.**

Federal Rule of Evidence 701 governs the admissibility of opinion testimony by lay witnesses. Rule 701 states:

126535514.1

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The 2000 Amendments to Rule 701 added subsection (c). *See* Fed. R. Evid. 702 advisory committee notes, 2000 amendments. The advisory committee notes made clear that subsection (c) had been added to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded though the simple expedient of proffering an expert in law witness clothing." *Id*. After the addition of subsection (c), "a witness" testimony must be scrutinized under the rules regulating expert opinions to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.*

For a witness to offer testimony based on "scientific, technical, or other specialized knowledge," that witness must be "qualified as an expert by knowledge, skill, experience, training, or education." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 588 (1993) (citing Fed. R. Evid. 702). "[D]istinguishing between lay and expert testimony is an important one…." *Williams v. Mast Biosurgery USA, Inc*., 644 F.3d 1312, 1317 (11th Cir. 2011) (citing *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)).

Here, the witness interviews include commentary that patients were "recycled" and that patients were in detox that did not need it. These witnesses have no medical training and/or skill, experience, training, or education to make these kinds of statements. Government witnesses can

126535514.1

testify as to their personal observations, but nothing more. Lay witnesses should be prohibited from offering any opinion as to the medical necessity of detox and/or substance abuse treatment. Only an expert witness with the appropriate scientific or other specialized knowledge can testify to these opinions.

Even if the aforementioned testimony was admissible, the probative value of this testimony pales beside the unfair prejudice to the defense. *See* Fed. R. Evid. 403. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In applying this rule, "[t]he trial court has broad discretion to weigh the extent of potential prejudice against the probative force of relevant evidence." *Atheridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 633 (D.C. Cir. 2010) (quoting *Fredrick v. District of Columbia*, 254 F.3d 156, 159 (D.C. Cir. 2001)). Evidence is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis." *Atheridge*, 604 F.3d at 633.

The testimony of the lay witnesses as to a particular patient's need for detox or substance abuse treatment is irrelevant and the only reason to solicit this testimony is to incite the jury. As such, the Markoviches request that this testimony be excluded.

    **II.    MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM PRESENTING "WEALTH" TESTIMONY**

We anticipate that the government will try to introduce "wealth evidence" at trial, including the types of cars driven by the Markoviches and their clothing. There is no connection between the Markoviches "wealth" and the charges in this case. The only purpose this testimony would serve is to inflame the jury against the defendant. "Use of a defendant's wealth to appeal to class bias can be 'highly improper' and can deprive that defendant of a fair trial."

3

*United States v. Bradley*, 644 F.3d 1213, 1272 (11th Cir. 2011) (citing *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 238 (1940)). "The problem with such evidence, of course, is that the jury might find the [defendants] guilty not because the evidence established guilt beyond a reasonable doubt, but because [they] had lots of money." *Id.* Wealth evidence is only admissible if "relevant to issues in the case," *id.*, and even then, the evidence must take the form of a "***sudden*** acquisition of money by the defendant," *United States v. White*, 589 F.2d 1283, 1286 n.7 (5th Cir. 1979) (emphasis added).

In *Bradley*, a healthcare-related wire fraud case, the Eleventh Circuit declined to adopt the prosecution's position that "so-called 'wealth evidence' is 'always' admissible in 'wealth motivated crimes.'" 644 F.3d at 1271 n.106. Instead, *Bradley* permitted the admission of wealth evidence on a fact-specific basis that is readily distinguishable from this case. The wealth evidence took the form of the defendants 'real and personal property, not their incomes, *see* 644 F.3d at 1270, and the defendants *themselves* had already exposed the jury "to a substantial amount of evidence" about their business successes and "impressive profits," *id.* at 1272.

These considerations are not present here. The cars and clothing were not a result of a "***sudden*** acquisition of money by the defendant," *White*, 589 F.2d at 1286 n.7 (emphasis added). The Markoviches are lawyers and have had other businesses and professions before getting involved in the substance abuse industry. The "wealth" evidence is simply prejudicial inflammatory and misleading, and should be excluded under Rules 402 and 403.

### III.   MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM MISCHARACTERIZING PERMISSIBLE PRACTICES AS CRIMINAL CONDUCT

The government should not be permitted to argue or imply that lawful practices are evidence of criminal conduct. The Markoviches engaged in numerous business practices in the

operation of their business. The Markoviches also took direction from medical professional as to medical decisions in their business. The government has sought to characterize many of these perfectly legal activities as sinister or unlawful in nature. Particularly, the government will likely solicit testimony that it was inappropriate for Compass Detox to request additional detox days or residential treatment days from insurance companies. These processes are created by insurance companies and completely illegal. Additionally, the government has taken issue with the comfort drinks program at Compass Detox that was created and performed under the direction of a medical doctor.

There is nothing illegal about the comfort drinks. However, the government seeks to mischaracterize the use of the comfort drinks program as criminal conduct. Similarly, the government should not be permitted to mischaracterize legal marketing activities as illegal. For instance, it is a legal and accepted practice for marketers to visit sober homes, 12 step meetings, and even hospitals to market treatment programs. The government should not be permitted to mischaracterize these practices. The government should be precluded from making such irrelevant, misleading, and prejudicial claims to the jury. Fed. R. Evid. 401, 403. This type of testimony would only serve to mislead and confuse the jury and irreparably prejudice Markoviches by casting lawful conduct as criminal. *See* Fed. R. Evid. 403. The Court can exercise its discretion to manage opening arguments and to limit those arguments as appropriate. *See, e.g., United States v. Dominguez*, 735 F. App'x 591, 596 (11th Cir. 1994) (district court did not abuse discretion in directing counsel from airing irrelevant facts during opening statement); *Schwartz v. Sys Software Assocs., Inc.*, 32 F.3d 284, 288 (7th Cir. 1994) (district court did not abuse discretion in directing counsel to "refrain from legal argument in his opening statement"); *Onujiogu v. United States*, 817

F.2d 3,6 (1st Cir. 1987) (the "district court has wide discretion in steadying the Rule 403 seesaw"); Fed. R. Evid. 403.

The Court should also bar the government and its witnesses, throughout trial, from characterizing evidence about legal and beneficial practices that are common and accepted in the substance abuse treatment industry as evidence of crimes or criminal intent. Such characterizations are wrong as a matter of law, not relevant to the case, and unduly prejudicial to the Markoviches. Fed. Rs. Evid. 401, 403.

### IV. MOTION IN LIMINE TO EXCLUDE PREJUDICIAL AND INCOMPLETE SOCIAL MEDIA POSTINGS

The government's exhibit list appears to contain posts made on Facebook. Post on social media can rarely be authenticated and often contain pseudo names and anonymous posts. Moreover, the posts in the government discovery contain anonymous complaints and unsubstantiated opinions about Compass Detox and/or WAR. In addition to containing crude and inflammatory language, the posts contain hearsay by unknown authors. The posts and their contents must therefore be excluded at trial because they contain inadmissible hearsay and because any conceivable probative value is substantially outweighed by the danger of unfair prejudice.

As an initial matter, the prohibition against hearsay clearly applies to such statements and precludes introducing anonymous internet posts or anonymous emails. *See, e.g., Hiramanek v. Clark*, No. 5:13-CV-00228, 2016 WL 8729933, *2 (N.D. Cal. July 8, 2016) ("Plaintiffs will not be allowed to rely on websites or blog posts … unless they can show that the prohibitions against the introduction of hearsay do not apply and that the probative value of the evidence outweighs the risk of unfair prejudice."); *Reynolds v. Family Dollar Servs., Inc.*, No. 09-56, 2011 WL 618966, at *5 (E.D. Ky. Feb. 10, 2011) (excluding anonymous email on the basis that it contained multiple hearsay statements and lacked "sufficient indicia of trustworthiness").

Even if this material could theoretically be used for a non-hearsay purpose, the Court should still exclude these types of anonymous posts because of their inherent unreliability. *See, e.g., Russell v. Daiichi-Sankyo Inc.*, No. 11-34, 2012 WL 1805038, at *7-8 (D. Mont. May 17, 2012) (excluding anonymous posts on cafepharma.com website even for non-hearsay purposes because plaintiff failed to identify a witness that could lay a foundation for or otherwise authenticate the posts or their contents). *See also SolidFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-CV-01468, 2014 WL 1319361, at *5 (D. Colo. Apr. 2, 2014) (rejecting argument that online product reviews could be used for a non-hearsay purpose, because "Defendant has no way of testing who made the comments, the bases for these comments, or even verifying that the comments were not made by Plaintiff or its representatives"). The same reliability concerns call for exclusion of Facebook and any social media postings.

Even if the government could show that such posts are relevant for a non-hearsay purpose and could somehow authenticate them, this material would be inadmissible under Rule 403 because the danger of undue prejudice substantially outweighs any conceivable probative value of what an anonymous person posted on social media. Facebook is replete with offensive statements and content made by users under the protection of anonymity. *Doe v. Kamehameha Schs./Bernice Pauachi Bishop Estate*, No. 08-00359, 2008 WL 5423191, at *3-4 (D. Haw. Dec. 31, 2008) (noting that a "hallmark of the internet is that people may post comments anonymously," which "invites commentators to make outrageous statements under a veil of secrecy"). As such, all Facebook and social media posts should be excluded.

126535514.1

### V. MOTION IN LIMINE TO EXCLUDE IMPROPER OPINIONS REGARDING THE ILLEGALITY OF WITNESSES' AND DEFENDANTS' CONDUCT

The government should be precluded from introducing evidence at trial of witnesses' (1) opinions that their own conduct was, in hindsight, illegal and (2) opinions that the Markoviches conduct was illegal. Particularly, the interview reports produced in this case contain an undercurrent of discussions regarding the legality of the practices at Compass Detox and/or WAR.

First, a witness's opinions (whether in hindsight or not) regarding the illegality of the Markoviches actions are inadmissible and inappropriate law opinions under Federal Rule of Evidence 701. *See, e.g. United States v. Kapoor, et al.*, 16-cr-103430ADM (D. Mass. January 15, 2019) (D.E. at 5) ("The Government may present evidence of a witness' contemporaneous understanding of the propriety of his or her conduct as relevant to that witness' state of mind. A witness may not express his or her opinion as to the legality of the conduct of others or explain how he or she now views historical behavior."); *United States v. Van Eyl*, 468 F. 3d 428, 437 (7th Cir. 2006) (affirming order of new trial where "the [district] court feared the jury would conclude that if others thought the conduct was wrong, then [the defendant] must have possessed the intent to defraud."); *United States v. Henke*, 222 F.3d 633, 639-40 (9th Cir. 2000) (holding that the district court erred by admitting questioning "done in order to elicit [the witness's] conclusion that the defendants 'must have known' about the illegal conduct."); *United States v. Anderskow*, 88 F.3d 245, 250 (3d Cir. 1996) (agreeing that testimony that defendant "must have known" improperly turned lay witness "into thirteenth juror.")

To the extent that the witness's testimony is based on hindsight impressions or hunches about the purportedly illegal conduct, it is not based on "firsthand knowledge or observation" and thus not admissible. *See* Fed.R.Evid. 701 Advisory Comm. Notes (describing "the familiar

8

requirement of firsthand knowledge or observation"); *Walton v. Nalco Chemical Co.*, 272 F.3d 13, 25 (1st Cir. 2001) (excluding lay-opinion testimony that was not based on "personal knowledge [or] apposite data").

Second, a witness's hindsight opinions regarding the illegality of the witness's own actions (or the Markoviches) is irrelevant and unfairly prejudicial. *See* Fed. Rs. Evid. 401, 403. A witness's opinion that, in hindsight, the witness's past conduct was contrary to some unspecified law is irrelevant to whether the Markoviches had the requisite specific intent to agree to the particular violations of law alleged at the time the conduct took place. *See United States v. Herman*, 589 F.2d 1191, 1198 (3d. Cir. 1978) (when balancing under Rule 403, a court should consider "the extent to which [the proposition that the evidence establishes is] directly at issue in the case"). Allowing such hindsight testimony would expose the trial to substantial legal issues that would be difficult, if not impossible to cure.

For these reasons, the Markoviches respectfully requests that the Court bar the government from eliciting witness testimony about their hindsight impressions of the illegality of their own actions and their opinions of the illegality of the Markoviches actions, and to exclude any reference to such witness opinion or testimony from the government's opening statement.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Court should grant the Markoviches' motions *in limine* (I-V) and preclude government witnesses from testifying about a particular patients need for detox and/or substance abuse treatment; preclude the government from presenting improper wealth evidence as to the Markoviches; preclude the government from mischaracterizing permissible practices as criminal conduct; preclude the government from introducing Facebook or

other social media posts into evidence; and exclude improper opinions regarding the illegality of witnesses' and the Markoviches conduct.

### Rule 88.9 Certification

Counsel for Mr. Markovich hereby certifies that she has conferred with counsel for the government in a good faith effort to resolve the issues raised in the motion. Counsel for the government opposes this motion.

Dated: July 16, 2021

Respectfully submitted,

| | |
|---|---|
| *s/      Marissel Descalzo* | *s/ Michael Pasano* |
| Marissel Descalzo (FBN 669318) | Michael S. Pasano (FBN 475947) |
| Email: mdescalzo@tachebronis.com | E-mail: mpasano@carltonfields.com |
| Tache, Bronis, and Descalzo, P.A. | CARLTON FIELDS |
| 150 S.E. 2 Ave., Suite 600 | 700 N.W. 1st Avenue, Suite 1200 |
| Miami, FL 33131 | Miami, Florida 33136-4118 |
| Tel: 305-537-9565 | Telephone: (305) 530-0050 |
| *Counsel for Daniel Markovich* | *Counsel for Jonathan Markovich* |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed this day via CM/ECF and served on all counsel of record appearing on CM/ECF on this 16th day of July, 2021.

By: <i>/s/ Marissel Descalzo</i><br>Marissel Descalzo, Esq.

10

126535514.1