UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60020-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

v.

JONATHAN MARKOVICH, and
DANIEL MARKOVICH,

          **Defendants.**
_____/

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

The United States hereby opposes Defendants' Motion To Compel Government To Provide Brady Materials, Which Only The Government Can Obtain ("Motion").  [D.E. 232].

The Government has a duty to disclose evidence in its possession that is favorable to the accused, where the evidence is material either to guilt or punishment. See Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Bagley, 473 U.S. 667, 674 (1985).  Defendants' Motion fails for several reasons.  Primarily, the specific private insurance billing information from other addiction treatment facilities Defendants seek is not in the possession, custody nor control of the Government; thus, the Government cannot be obligated to provide it.  Defendants desperately strive to avoid this fact by arguing that the private insurers are part of the prosecution team, and are an extension of the Government.  They are not; the private insurers are victims of the alleged schemes. In addition, the information Defendants seek is not exculpatory; indeed, the Government contends it is not even relevant.  Finally, much of what Defendants seek—details of admissions to other addiction treatment facilities for certain patients—is available in these patients' files which have already produced in discovery.  Accordingly, Defendants already have what they need.

1

## **LEGAL STANDARD**

Under Brady v. Maryland, 373 U.S. at 87, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." "There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281–82 (1999).

However, and crucially, "Brady clearly does not impose an affirmative duty upon the government to take action to discover information which it does not possess." United States v. Beaver, 524 F.2d 963, 966 (5th Cir.1975). Brady only applies to evidence possessed by the prosecution team, which includes both the investigators and prosecutors. Stephens v. Hall, 407 F.3d 1195, 1203 (11th Cir. 2005); see also United States v. Meros, 866 F.2d 1304, 1309 (11th Cir. 1989). The Supreme Court has held that a "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police[.]" Kyles v. Whitley, 514 U.S. 419, 437.

Finally, "there is no Brady violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source." United States v. Mullins, 22 F.3d 1365, 1371 (1994).

## ARGUMENT

Defendants admit in their own Motion, as they must, that the Government does not possess the billing information they request. They therefore ask this Court to compel the Government to obtain it through a court order under the procedures outline in 42 U.S.C. § 290dd-2, 42 U.S.C. § 2.66, and 42 U.S.C. § 2.1, et seq., which governs the protections for substance abuse patient information, and the procedures for obtaining such information. This request in and of itself shows that the information they seek is not readily available to the Government; the Government would have to seek a court order to get it.

The Government sought such Title 42 Orders from Magistrate Judges in this district—for the Compass Detox and WAR billing information it obtained and produced—after showing the proper justification and need. In addition, the Government was required under these Orders to provide notification to patients that their data was being used once the case was charged making Defendants became entitled to such data in discovery, and to obtain a Protective Order. Defendants know all of this full well because the Government described these procedures in its First Response to the Standing Discovery Order [D.E. 46 at 2]. Further, a Joint Protective Order was filed in this case. Finally, the affidavits in support of the Government's applications, and the Title 42 Orders themselves, have been unsealed and produced to Defendants in discovery. The Government produced the billing data for Compass Detox and WAR patients during the relevant time period using the procedures described above. The private insurers who provided this information to the Government pursuant to a court order, and valid process, did not act on behalf of the Government.

When the Government does not physically possess information, as here, the question can become whether it constructively possesses the information.[1] Defendants' attempts to impute the private insurers to the Government by making these private, non-governmental commercial insurers part of the prosecution team are singularly unavailing. The private insurers are the victims in this case, and nothing more.

In the Eleventh Circuit, the prosecution team is defined as "the prosecutor or anyone over whom he has authority," and includes "both investigative and prosecutorial personnel." Moon v. Head, 285 F.3d 1301, 1309 (11th Cir. 2002). The Government has no authority over the private insurers. The private insurers did not act under the Government's direction, nor actively investigate this case with the Government in any kind of joint effort. The private insurers are not a Government agency. The fact that the private insurers are willing to provide data pursuant to requests under a court order, and witnesses to testify at trial pursuant to trial subpoenas, does not make then an arm of the Government. Defendants submit that the private insurers provided such information "at the behest of the government." Motion at 2. This is not true; the private insurers provided the billing information for the treatment of patients billed through Compass Detox and WAR pursuant to Requests for Information ("RFI") that were authorized by a court order which was provided to the insurers when such information was requested; this is shown by the very email Defendants embed in their Motion. The private insurers were required to provide the billing

---

[1] In a somewhat analogous context, courts in other Circuits use a three-part test to determine whether the prosecution team should be deemed to have constructive knowledge of "cross-jurisdiction" information:

(1) whether the party with knowledge of the information is acting on the government's "behalf" or is under its "control"; (2) the extent to which state and federal governments are part of a "team," are participating in a "joint investigation" or are sharing resources; and (3) whether the entity charged with constructive possession has "ready access" to the evidence.

United States v. Reyeros, 537 F.3d 270, 281-282 (3d Cir. 2013)

information, or explain why they should not, and they chose to produce it. This hardly makes the private insurers an "extension of the government." (Motion at 8).[2]

Courts have not imputed other agencies and entities to the Government despite a much closer relationship than the one between the private insurers and the Government in this case. Moon, 285 F.3d at 1310 (collecting cases).[3] The Court should similarly not do so here. Since the Government does not possess the information, it cannot be subject to Brady.

Crucially, the Government contends that the information sought by Defendants is not only not Brady material, it is not relevant. Defendants seek information regarding patients disclosed by the Government as those the Government's proposed expert relied upon in her expert report. Specifically, they seek a spreadsheet from each insurer detailing when Compass Detox and WAR patients were treated at other substance abuse treatment centers in South Florida or elsewhere. Such evidence is irrelevant, and not probative of the issues at trial. The issue is not whether or how patients were treated at other addiction treatment facilities, but the medical condition they were in when they were admitted to Compass Detox and WAR, and whether the treatment they

---

[2] The "mere fact that the Government may have requested and received documents from [another agency] in the course of its investigation does not convert the investigation into a joint one." United States v. Finnerty, 411 F.Supp.2d 428, 433 (S.D.N.Y. 2006).

[3] In declining to impute constructive possession to the Government, the court in Moon noted: "we find no evidence that Tennessee law enforcement officials and Georgia prosecutors engaged in a joint investigation of the DeJose incident ... [they] shared no resources or labor; they did not work together to investigate the DeJose or Callahan murders. Nor is there evidence that anyone at the TBI was acting as an agent of the Georgia prosecutor. Davenport was not under the direction or supervision of the Georgia officials ...") (internal citations omitted). Moon, 285 F.3d at 310; see also United States v. Avellino, 136 F.3d 249, 255 (2d Cir.1998))("[K]nowledge on the part of persons employed by a different office of the government does not in all instances warrant the imputation of knowledge to the prosecutor, for the imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis."); United States v. Stewart, 323 F.Supp.2d 606, 616–18 (S.D.N.Y.2004) (declining to impute knowledge of a forensic expert from the Secret Service lab who provided trial support for the prosecution and testified as an expert).

received was medically necessary and actually provided. Defendants should not turn this case into a series of mini-trials as to patients' treatment and billing by other facilities beyond their own.

Finally, Defendants already have much of the information they seek by means of the patient files for each patient Dr. Clark reviewed in compiling her expert reports. These patient files list prior admissions at different facilities in the Initial Bio-Psycho Social and Initial Psychiatric Evaluations, and in Intake Screening forms. This information allows Defendants to ascertain prior admissions. While it may not be an itemized account on a spreadsheet, it is enough. The Government still contends these prior admissions are not relevant, but Defendants already have what they need to make their arguments. Since Defendants already largely have the information they complain they lack, not only can there be no Brady violation, but there is simply no need for this Court to compel the Government to provide it for any reason. Defendants already have it.

However, although not required under Rule 16 or Brady, the Government is in the process of searching insurance data obtained pursuant to Title 42 orders in other substance abuse treatment cases that have been indicted in this district, and in which notice has been provided to patients that their data was obtained pursuant to the operative Title 42 Orders in each case (which are now unsealed), as required. The Government does not know if this is necessarily true for the specific patients Defendants want, but does note that it has learned over this investigation of Compass Detox and WAR that patients who stayed at these facilities, and believes that at least some patients that its expert witness will discuss also stayed other substance abuse treatment centers the Government has investigated and prosecuted in South Florida. Should the patients reviewed by Dr. Clark appear in any of these other data sets obtained in separate investigations, the Government will produce that raw data to the defense for each such patient. The Government will complete this before Dr. Clark testifies in the Markoviches' trial.

The Government further notes that if Defendants bring up these prior admissions at these facilities during the course of the trial, they will arguably open the door to the Government pointing out to the jury that owners, operators, and medical staff at these facilities have been indicted, and that some of these individuals have been convicted after a trial. Defendants cannot be allowed to argue that prior admissions constitutes evidence in their favor without letting the jury know the full story.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Motion be denied. To the extent that the Court compels the Government to obtain the requested information from the private insurers—even though the Government contends it is irrelevant—the Government anticipates that process would take some time.

Dated: July 26, 2021

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION
DEPARTMENT OF JUSTICE

By:   /s/ James V. Hayes
JAMES V. HAYES (FL Bar # A5501717)
Senior Litigation Counsel
JAMIE DE BOER (FL Bar #A5502601)
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 774-4276
James.Hayes@usdoj.gov
Jamie.DeBoer@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*James V. Hayes*