UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020- DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,

vs.

DANIEL MARKOVICH,

    Defendant.
_____/

**JONATHAN MARKOVICH AND DANIEL MARKOVICH'S
OPPOSITION TO GOVERNMENT'S OMNIBUS MOTIONS IN LIMINE**

    Defendants Jonathan Markovich and Daniel Markovich (collectively referred to as the "Markoviches"), hereby file this Opposition to the Government's Omnibus Motions in Limine [D.E. 240], and in support thereof states:

    The government seeks four motion *in limine* rulings that inhibit the Markoviches' ability to present a defense, cross examine witnesses, and are premature. For instance, the government seeks to present evidence that patients went through detox and substance abuse treatment at Compass multiple times but seek to exclude evidence of those patients' prior and subsequent histories of substance abuse. Additionally, the government wants to present evidence that the Markoviches purportedly defrauded insurance companies but seeks to prohibit the Markoviches

from introducing testimony about the controls put in place by insurance companies to ensure that fraud does not take place. The government's requests are improper, unfair, and unconstitutional. Frankly, under such parameters, the defense will be hampered from presenting a rebuttal case to the government's, which is a violation of their Constitutional rights.

Additionally, the government's requests are premature. Because the Markoviches have no idea what evidence or witnesses will be presented against them during trial, or what the government's theories on each of the 35-counts in the Indictment will be, it is impossible for the Markoviches to know what defenses they will mount at trial. As a result, rulings on the government's request should be reserved until trial has commenced and the government has fully presented their case-in-chief.

The Markoviches respond to each motion *in limine* below.

**I.   The Government's Request to Preclude Evidence or Argument Regarding Insurance Plans Should Be Denied.**

The government seeks a ruling precluding the defense from introducing any evidence concerning insurers' conduct. The government further seeks a ruling precluding the introduction of any evidence related to the conduct of the Florida Department of Children and Families ("DCF"). The Motion speculates about evidence that the Markoviches may or may not seek to offer in this regard, via witnesses whom they may or may not call, and arguments they may or may not make.

The Markoviches have yet to know the case that will be presented against them, as such, it is premature for undersigned counsel to speculate as to how it will rebut substantive evidence. Moreover, "[i]n general, courts are 'handicapped in any effort to rule on subtle evidentiary questions outside a factual context.'" *United States v. Parnell*, 32 F. Supp. 3d 1300, 1304 (M.D. Ga. 2014) (denying prosecution's motion in limine as premature) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

For this reason, this Court and others routinely deny motions *in limine* as premature when they target issues that might never arise at trial, or concern unspecified evidence that might be admissible for impeachment or other legitimate purposes, because "it is difficult to rule in a vacuum without having the opportunity to see the proffered testimony in perspective with other evidence in the trial." *U.S. ex rel Christianson v. Everglades College, Inc.*, No. 12-CV-60185, 2014 WL 11578214, at *1 (S.D. Fla. May 28, 2014) (Dimitrouleas, J.) (denying defense motions as premature).

Even if the court were inclined to rule on this Motion now, the Court should find that, it would be appropriate for the defense to cross examine government witnesses, on utilization review processes, approval processes, audits, and reimbursement decisions[1]. It is also appropriate to argue to the jury that it was not illegal for the Markoviches and patients suffering from years of severe substance

---

[1] This Court denied a similar motion made by the government in *United States v. Monty Grow*, Case No. 16-cr-20999- Moreno (S.D. Fla. 2016) related to FECA and OWCP plans.

3

126671583.1

abuse to take advantage of the maximum number of treatment days offered by insurance planes.

It is further appropriate for the defense to present evidence that insurance companies approved and paid for the substance abuse treatment at issue. However, the defense does not envision any situation where the Markoviches will concede that they engaged in criminal conduct due to the insurance plans' or DCF's negligence as suggested by the government. The Markoviches maintain their innocence, which is why they are proceeding to trial.

> II. **The Government's Request to Preclude the Defense from Presenting Evidence of Good Conduct or Subsequent Addiction Treatment Is Premature, The Evidence Sought to Be Excluded Is Relevant and Admissible.**

This motion seeks to direct what evidence the defense can present and how that evidence can be presented, including directing the defense as to when a witness should be used and when only an expert can opine on certain topics. That authority is squarely with the Court and not with the government. Specifically, the government seeks to limit the presentation of evidence and argument by the defense to the patients that the government has cherry picked and decided to present at trial. The government cannot have its cake and eat it too. The government has charged an alleged wide-ranging conspiracy, involving a loss of $112 million. Any patient within the so-called conspiracy and the $112 million is fair game at trial. The government has absolutely no authority to limit the defense to the patients it has

chosen to identify at trial. Importantly, for the most part, the patients that the government will reference at trial are dead, disgruntled, and/or indebted to the government. It would be quite convenient for the government to limit the defense to only these patients, but that would be unconstitutional and prejudicial.

Not only are the government's requests unfair, but the relief the government seeks is a violation of the Sixth Amendment. Evidence regarding the care and treatment at Compass and WAR of any patient within the alleged conspire is relevant for a variety of purposes, including to negate motive, establish state of mind, and to negate participation in a fraudulent scheme. This is not "good conduct" evidence. This is evidence that establishes a foundation and state of mind for certain behavior. The same holds true for evidence of substance abuse treatment before and after stays at Compass and WAR. Moreover, it shows the need for the treatment.

Lastly, the cases cited by the government are inapposite. These cases all involve instances wherein a defendant seeks to introduce evidence of prior good character through prior good conduct. Here, if the Markoviches decided to present evidence regarding the legitimate practices at Compass and WAR, it would go to establish their good faith. *See Morris v. United States*, 20 F.3d 1111 (11th Cir. 1994) (noting that evidence establishing mistake or ignorance of the law established good faith, a complete defense). Moreover, a defendant has a constitutional right to present character witnesses in his defense especially where, as here, the Government's allegations in the Indictment have placed the Markoviches character,

126671583.1

honesty, and integrity at issue. *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense."); *Washington v. Texas*, 388 U.S. 14, 19 (1967) ("Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense."). The right to present a defense is "a fundamental element of due process of law." *Washington*, 388 U.S. at 19; *see also* Standard Eleventh Circuit Jury Instruction, S.12 ("Character Evidence") ("Evidence of a defendant's character traits may create a reasonable doubt. You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense."). *See also United States v. Layne*, No. 05 CR.87(HB), 2005 WL 1009765, at *3 (S.D.N.Y. May 2, 2005); *United States v. Fiorentino*, No. CR 13-0338 SJF, 2014 WL 108415, at *7 (E.D.N.Y. Jan. 6, 2014) (granting transfer from New York to Florida and noting that "[g]iven the government's fraud allegations, defendant's intent and his general character are germane to this case. In fact, "courts have recognized, the impact of character witnesses is generally greater in the district where such witnesses live and work.").

While the court in *Layne* was deciding whether to transfer the case, the court reinforced that a defendant should be entitled to present character witnesses in their defense at trial:

> It appears that fewer witnesses will be inconvenienced by a Florida trial. In addition, the potential inconvenience to witnesses located outside of Florida must be weighed against the effect a New York trial may have on the various Florida based character witnesses. "<u>As courts have recognized, the impact of character witnesses is generally greater in the district where such witnesses live and work.</u>" *United States v. Martino,* No. 00 Cr. 389, 2000 WL 1843233, at *5 (S.D.N.Y. Dec. 14, 2000 (*citing to Ohran,* No. 99 Cr. 142, 2000 WL 620217, at *3; *United States v. Aronoff,* 463 F.Supp. 454, 458 (S.D.N.Y.1978) (location of character witnesses is "significant")). <u>This makes good sense since the character witnesses will come from the same neighborhood as the jury</u>. Accordingly, given the impact of character witnesses and the number of Government and Defense witnesses that reside in Florida, the second *Platt* factor, the location of witnesses, weighs in favor of transfer to the Southern District of Florida.

*Layne*, No. 05 CR.87(HB), 2005 WL 1009765, at *3 (emphasis added).

### III. The Government's Request to Preclude Defense from Introducing Evidence Relating to Uncharged Co-Conspirators and Individuals Not On Trial Is Premature.

The government's request to preclude the defense from introducing evidence relating to uncharged co-conspirators and defendants not on trial is premature and a ruling should be reserved. Counsel is aware that evidence or arguments geared at jury nullification are improper and impermissible. As the government concedes, though, there are instances when mentioning uncharged co-conspirators and individuals not on trial is perfectly appropriate. For instance, as it relates to uncharged co-conspirators that were involved in the scheme, and even identified in the Indictment, it is proper for the Markoviches to mention these individuals, use them as witnesses, question other witnesses about their conduct, and even blame

7

them for certain conduct. This is not jury nullification, which refers to arguments and evidence directed at convincing jurors to decide cases based on sense of morality and fairness rather than the facts. *United States v. Trujillo*, 714 F.2d 102 (11th Cir. 1983). This is simply the Markoviches exercising their Sixth Amendment right to defend themselves at trial, and present the full set of facts of what occurred at Compass and WAR to the jury who is deciding their fate.

It is also appropriate for the defense to attack the government's investigation and the motives of the participants in that investigation. This type of testimony could help the jury evaluate the credibility or bias of witnesses and could help jury evaluate the government's case.

### IV. The Government's Request to Prohibit the Markoviches from Presenting a Defense Violates Their Sixth Amendment Right and Is Premature.

The government's "demand" for notice and disclosure of an advice of counsel defense is premature. It is too early for the Markoviches to know whether they will assert an advice of counsel defense. The burden of proof is on the government in this case, as it a criminal trial. It is only after the government presents its case and the Markoviches have had an opportunity to hear the evidence against them that the Markoviches will decide whether to present a defense and/or rest. After hearing the evidence, if the Markoviches decide to present an advice of counsel defense, they will promptly alert the government and provide the appropriate disclosures.

If the Markoviches decide not to rely on the advice of counsel defense, they are still permitted to present evidence regarding recommendations made by lawyers without waiving their attorney client privileged because such evidence is relevant to good faith and state mind. *See United States v. White*, 887 F. 2d 267, 2071-71 (D.C. Cir. 1989) (declined to find waiver of attorney client privilege when defendant testified at trial that he lacked the intent to commit the crime because after meeting with his lawyers he believed that his actions were lawful); *In re Von Bulow*, 828 F. 2d 94, 101-02 (2d Cir. 1987) ("an averment that lawyers looked into a matter does not imply intent to waive privilege."). Representations made by lawyers and how those representations were interpreted by the Markoviches, go to the Markoviches' state of mind and their good faith, and do not necessarily constitute a waiver of the attorney client privilege. *See id.*

Respectfully submitted,

*s/      Marissel Descalzo*
Marissel Descalzo (FBN 669318)
Email: mdescalzo@tachebronis.com
Tache, Bronis, and Descalzo, P.A.
150 S.E. 2 Ave., Suite 600
Miami, FL 33131
Tel: 305-537-9565
*Counsel for Daniel Markovich*

*s/ Michael Pasano*
Michael S. Pasano (FBN 475947)
E-mail: mpasano@carltonfields.com
CARLTON FIELDS
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050
*Counsel for Jonathan Markovich*

9

126671583.1

## CERTIFICATE OF SERVICE

I CERTIFY THAT, on this 27th day of July, 2021, the foregoing was electronically transmitted via CM/ECF:

By: */s/ Marissel Descalzo*
**Marissel Descalzo, Esq.**

126671583.1