UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60020- DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,

vs.

DANIEL MARKOVICH,

    Defendant.
_____/

## REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL DISCLOSURE AND IDENTIFICATION OF *BRADY* AND *GIGLIO* MATERIAL

Defendant Daniel Markovich hereby replies to the United States' Response [D.E. 250] to Daniel Markovich's Motion to Compel Disclosure and Identification of Brady[1] and Giglio[2] Materials (the "Motion").

## ARGUMENT

This case is far too complex – and the anticipated length of trial far too long – to risk reversible error on a *Brady* violation. Notably, the government's opposition to the Motion does not deny the existence of *Brady*. Instead, the government claims

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Giglio v. United States*, 405 U.S. 150 (1972).

126672582.1

that the Motion overstates the government's obligations. The government goes even further to put the burden of identifying *Brady* material on the defendant, Daniel Markovich.

"Under Brady, the prosecution is required to disclose to the defense evidence favorable to the accused if the evidence is material to guilty or punishment." *United States v. Winston*, 372 F. App'x 17, 18 (11th Cir. 2010) (*quoting United States v. Starrett*, 55 F.3d 1525, 1555 (11th Cir. 1995)); *see United States v. Jordan*, 316 F.3d 1215 (11th Cir. 2003) (stating that *Brady* obligates the government to disclose favorable, material evidence). *Brady* reflects an understanding that the role of the prosecutor is not purely adversarial but also to seek the truth and ensure that justice is done. Surely, the government does not want to risk a *Brady* violation in this matter by not properly and timely disclosing such material.

To be clear, the discovery here is "voluminous," which is the government's own word to describe the productions made. While the government has provided production logs, the logs do not make the task of identifying *Brady* any easier. The production logs contain broad titles for folders such as "investigative reports," "subpoena returns," and "ZenChart returns". Within those folders, there are subfolders often, and tens, hundred, and sometimes thousands of documents. To find *Brady* material is asking the defense to search for a needle in a haystack. Moreover, much of the government's discovery productions have come within the past three (3) weeks, on the cusp of trial. The government is very much aware that

during this time, the defense is diligently working to prep this case for trial and may not find any such needles. To hide them is not only improper, but a violation of the fairness and ethics that *Brady* stands for.

The government, unlike the defense, has the advantage of working with federal agents, subpoenaing documents, and building cases. They know the discovery because they have compiled it. Indeed, the underlying investigation for this case spanned years. The government also has a team of local and federal agents that are exclusively dedicated to assist the prosecutors here in reviewing the discovery and prepare for trial. Federal agents on the case (such as case agents) usually have their unit or squad members assist the prosecution team going to trial.

The defense, on the other hand, has limited resources and has only had access to a large bulk of the discovery for, as stated above, a few weeks. While the government once again mentions that it is the defense that created a tight timetable, the government seems to overlook that it was the government that chose to bring forth a complaint, seek an indictment, and charge the defendants in this case. They set the timetable by doing so – and are the ones that start the clock that currently ticks. To punish the defendants for invoking their constitutional rights, such as their right to a speedy trial, is a violation of what the Constitution affords them. They have the right to speedy trial and due process. The government further overlooks that the *Brady* obligation is on the government. The defense is simply asking the government to comply with its obligations and act in accordance with *Brady* so that

this trial is efficient, fair, and ethical.

Moreover, the government claims that it has facilitated the defense's review of discovery by producing an exhibit list and by the filing of a complaint affidavit. Neither the complaint affidavit nor the exhibit list contained any *Brady* materials. The defense is not asking for more discovery. The defense is requesting *Brady* information. As well, to be clear, the exhibit list is 38 pages long and consists of documents that are hundreds of pages in length. The defense has even asked the government to produce some of the documents listed on their exhibit list, which they cannot locate in the discovery, and have received no response at all from the government regarding whether or not they will do so. Importantly, the government's actions do not aid in facilitating an efficient trial. The defense would like to stipulate to the authenticity of some of the government's exhibits, for example, to save the efforts of a records custodian from testifying. However, the defense cannot do so if it cannot locate all of the documents (especially those that the government is seeking stipulations on).

As the government notes in its opposition to the Motion, in *United States v. Salyer*, 2010 WL 3036444 (E.D. Cal. Aug 2, 2010), the Court required the government to identify *Brady* material within the discovery file. It is the **prosecutor's duty** to learn of any favorable evidence known to the others acting on the government's behalf in the case. *See* Memorandum for Department Prosecutors, Department of Justice Guidance for Prosecutors Regarding Criminal Discovery.

4

126672582.1

The government's opposition goes too far as to shift the burden of identifying *Brady* on the defense. That is simply not the law.

Finally, the government argues that the defense is somehow asking them to scour the discovery and prepare for "both sides" of the case, an argument they claim was rejected by the *Salyer* court. But that is NOT what the defense is requesting. Rather, the defense is simply asking the government to identify any materials that could be considered *Brady* and/or *Giglio* materials in the discovery production.

WHEREFORE, Daniel Markovich moves this Court to grant his Motion to Compel Disclosure and Identification of *Brady* and *Giglio*.

Respectfully submitted,

TACHE, BRONIS, AND DESCALZO, P.A.
150 S.E. 2 Avenue, Suite 600
Miami, Florida 33131
Telephone: (305) 537-9565

By: */s/ Marissel Descalzo*
    **Marissel Descalzo, Esq.**
    Florida Bar. No. 669318
    mdescalzo@tachebronis.com
    service_@tachebronis.com
    *Counsel for Daniel Markovich*

## CERTIFICATE OF SERVICE

I CERTIFY THAT, on this 26th day of July, 2021, the foregoing was electronically transmitted via CM/ECF:

By: */s/ Marissel Descalzo*
    Marissel Descalzo, Esq.

126672582.1